# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ADAM D. TAYLOR,

      Petitioner,

    v.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:18-cv-447
Judge George C. Smith
Magistrate Judge Elizabeth P. Deavers

## ORDER and
## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to United States Magistrate Judges.

Petitioner has filed a *Motion for Leave to Proceed in forma pauperis*. (ECF No. 1.) Upon consideration, the undersigned finds the motion to be meritorious and it is **GRANTED.** Petitioner shall be **PERMITTED** to prosecute this action without prepayment of fees or costs and judicial officers who render services in this action will do so as if costs had been prepaid.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." if it does so appear, the petition must be dismissed. *Id*. These are the circumstances here.

Petitioner's pleadings are unintelligible, and the Court cannot decipher the nature of Petitioner's claims. Therefore, this action is subject to dismissal under Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that the Petitioner must specify the nature of his grounds for relief and state the facts in support of each ground. Dismissal under Habeas Rule 2(c) is appropriate in cases where it is impossible to determine from the petitioner's pleadings the exact errors of fact or law raised for adjudication. *See Rice v. Warden*, No. 1:14-cv-732, 2015 WL 5299421, at *4 (S.D. Ohio Sept. 9, 2015) (dismissal under Rule 2(c) appropriate where pleadings contain unintelligible and conclusory allegations and statements) (citations omitted); *Accord v. Warden, Lebanon Corr. Inst.*, No. 2:12-cv-355, 2013 WL 228027, at *3 (S.D. Ohio Jan. 22, 2013) (while the court liberally construes a *pro se* prisoner's pleadings, it is not required to "conjure allegations" on the petitioner's behalf) (citations omitted)). "Habeas Rule 2(c) is 'more demanding' than Fed. R. Civ. P. 8(a), which requires in 'ordinary civil proceedings' that the complaint 'provide 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *McClure v. Warden, London Corr. Inst.*, No. 1:16-cv-729, 2018 WL 1452253, at *4 (S.D. Ohio March 1, 2018) (citing *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005); *McFarland v. Scott*, 512 U.S. 849, 860 (1994)). "'Notice' pleading is insufficient in the habeas context, as the petitioner is expected to state facts that point to a real possibility of constitutional error." *Id*. (citing *Johnson v. Sheldon*, No. 3:14-cv-1675, 2015 WL 3650695, at *2 (N.D. Ohio June 11, 2015) (other citations omitted)).

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** unless Petitioner resubmits his habeas petition within **FOURTEEN (14) DAYS**, stating the basis for each of his claims for relief, and the factual grounds in support. Petitioner is cautioned that

he can comply with this Order only by separating each ground for relief and setting forth all the facts that support that particular claim. For ease of reference, the Clerk is **DIRECTED** to forward to Petitioner another form Petition Under 28 U.S.C. § 2254.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*s/Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge
