# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ADAM D. TAYLOR,

    Petitioner,

v.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:18-cv-447
Judge George C. Smith
Magistrate Judge Elizabeth P. Deavers

## ORDER and
## REPORT AND RECOMMENDATION

On May 8, 2018, the Magistrate Judge issued a *Report and Recommendation* under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts advising the Petitioner that this action was subject to dismissal under Rule 2(c) of the Rules Governing Section 2254 Cases, which provides that the Petitioner must specify the nature of his grounds for relief and state the facts in support of each ground because Petitioner's pleadings were unintelligible, and the Court was unable to decipher the nature of his claims. (ECF No. 2.) The Magistrate Judge therefore recommended that this action be dismissed, unless Petitioner resubmitted a habeas petition clearly stating the basis for each of his claims for relief, as well as the factual grounds in support. (*Id.*)

On May 29, 2018, Petitioner resubmitted a *Petition*, and *Amended Petition* for a writ of habeas corpus. (ECF Nos. 5, 6.) Thus, the original Report and Recommendation (ECF No. 2) is hereby **WITHDRAWN**.

Unfortunately, Petitioner's amended pleadings remain unintelligible. Despite the Court's best efforts, it is unable to determine the nature of Petitioner's claims. As previously discussed,

under these circumstances, dismissal is appropriate. *See Rice v. Warden*, No. 1:14-cv-732, 2015 WL 5299421, at *4 (S.D. Ohio Sept. 9, 2015) (dismissal under Rule 2(c) appropriate where pleadings contain unintelligible and conclusory allegations and statements) (citations omitted); *Accord v. Warden, Lebanon Corr. Inst.*, No. 2:12-cv-355, 2013 WL 228027, at *3 (S.D. Ohio Jan. 22, 2013) (while the court liberally construes a *pro se* prisoner's pleadings, it is not required to "conjure allegations" on the petitioner's behalf) (citations omitted)). "Habeas Rule 2(c) is 'more demanding' than Fed. R. Civ. P. 8(a), which requires in 'ordinary civil proceedings' that the complaint 'provide 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *McClure v. Warden, London Corr. Inst.*, No. 1:16-cv-729, 2018 WL 1452253, at *4 (S.D. Ohio March 1, 2018) (citing *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005); *McFarland v. Scott*, 512 U.S. 849, 860 (1994)). "'Notice' pleading is insufficient in the habeas context, as the petitioner is expected to state facts that point to a real possibility of constitutional error." *Id*. (citing *Johnson v. Sheldon*, No. 3:14-cv-1675, 2015 WL 3650695, at *2 (N.D. Ohio June 11, 2015) (other citations omitted)).

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or

in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

Finally, the Undersigned's previous Report and Recommendation (ECF No. 2) is hereby **WITHDRAWN**.

        **IT IS SO ORDERED.**

        *s/ Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge