# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**ADAM D. TAYLOR,**

       **Petitioner,**

                                     **Case No. 2:18-cv-447**
**v.**                                 **Judge George C. Smith**
                                     **Magistrate Judge Deavers**

**WARDEN, NOBLE**
**CORRECTIONAL INSTITUTION,**

       **Respondent.**


## ORDER

On May 8, 2018, the Magistrate Judge issued a *Report and Recommendation* under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending dismissal of this action under Rule 2(c) of the Rules Governing Section 2254 Cases, because Petitioner's pleadings were unintelligible, and the Court could not determine the basis for his claims. (ECF No. 2.) On May 29, 2018, Petitioner resubmitted a *Petition*, and *Amended Petition* for a writ of habeas corpus. (ECF Nos. 5, 6.) The Magistrate Judge withdrew the prior *Report and Recommendation*, but issued another *Report and Recommendation*, again recommending dismissal of this action, because Petitioner's claims remain undecipherable. (ECF No. 7.) On June 21, 2018, Petitioner filed what has been docketed as an *Objection* to that recommendation. (ECF No. 8.) Still, Petitioner's claims remain undecipherable, and the Court cannot identify Petitioner's determine the basis of his grounds for relief.

Therefore, Petitioner's *Objection* (ECF No. 8) is **OVERRULED**. The *Report and Recommendation* (ECF No. 7) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —–U.S. —–. —–, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate this Court's dismissal of this action because the claims are undecipherable. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED.**

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

    **IT IS SO ORDERED.**


    *s/ George C. Smith*
    **GEORGE C. SMITH, JUDGE**
    **UNITED STATES DISTRICT COURT**